UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| EZRA NATANELY,<br><br>               Plaintiff,<br><br>-against-<br><br>CAPITAL MANAGEMENT SERVICES, LP,<br><br>               Defendant. | Civil Action Number:<br><br>**CIVIL ACTION**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff EZRA NATANELY, ("Plaintiff"), by and through his attorneys, the Law Office of Alan J. Sasson, P.C., as and for his Complaint against Defendant VITAL RECOVERY SERVICES, LLC ("Defendant"), respectfully sets forth, complains and alleges, upon information and belief, the following:

## NATURE OF THE ACTION

1. Plaintiff brings this action on his own behalf for damages and declaratory and injunctive relief arising from Defendant's violation(s) of §1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA") which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

2. Plaintiff is seeking damages, and declaratory and injunctive relief.

## PARTIES

3. Plaintiff is a natural person and a resident of the State of New York, and is a "Consumer" as defined by 15 U.S.C. §1692(a)(3).

4. Upon information and belief, Defendant's principal place of business is located within Buffalo, New York.

5. Defendant is a company that uses the mail, telephone, and facsimile and regularly

engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

6. Defendant is a "debt collector," as defined under the FDCPA under 15 U.S.C. § 1692a(6).

## JURISDICTION AND VENUE

7. The Court has jurisdiction over this matter pursuant to 28 USC §1331, as well as 15 USC §1692 *et seq.* and 28 U.S.C. §2201. If applicable, the Court also has pendent jurisdiction over the state law claims in this action pursuant to 28 U.S.C. §1367(a).

8. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

## FACTUAL ALLEGATIONS

9. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "8" herein with the same force and effect as if the same were set forth at length herein.

10. Upon information and belief, on a date better known by Defendant, Defendant began to attempt to collect an alleged consumer debt from Plaintiff.

11. On or around December 3, 2015, Defendant sent Plaintiff a collection letter seeking to collect a debt allegedly incurred for personal purposes.

12. The aforesaid obligation arose out of a transaction in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family or household purposes.

13. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) of the FDCPA.

14. Defendant collects and attempts to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors using the United States Postal Services, telephone and internet.

15. BARCLAYS BANK DELAWARE ("Barclays"), directly or through an intermediary,

contracted Defendant to collect the Barclays debt.

16. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) of the FDCPA.

17. In its effort to collect on the Barclays obligation, Defendant contacted Plaintiff by written correspondence on December 3, 2015.  ("**Exhibit A**").

18. Defendant's written correspondence to Plaintiff is a "communication" as defined by 15 U.S.C. § 1692a(2).

19. As set forth in the following Counts, Defendant's communication violated the FDCPA.

**First Count**
**Violation of 15 U.S.C. § 1692e**
**False or Misleading Representations as to the Rights of the Consumer**

20. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "19" herein with the same force and effect as if the same were set forth at length herein.

21. Defendant's debt collection efforts attempted and/or directed towards Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e.

22. Pursuant to 15 U.S.C. §1692e, a debt collector is prohibited from using false, deceptive, or misleading representation in connection with the collection of a debt.

23. Defendant was attempting to collect on Plaintiff's purportedly overdue credit card account with Barclays.

24. Upon information and belief, Plaintiff's account with Barclays was charged-off and is not subject to change, and will never increase due to any terms of the original agreement.

25. Upon information and belief, the Defendant has no legal or contractual right to change the amount that the Plaintiff allegedly owes to the Creditor.

26. Nonetheless. Defendant's collection letter states in pertinent part:

|  |  |
|---|---|
| **Amount Due At Charge-Off:** | **$5149.46** |
| **Interest Accrued Since Charge-Off:** | **$0.00** |
| **Non-Interest Charges or** | |
| **Fees Accrued Since Charge-Off:** | **$0.00** |
| **Current Amount Due:** | **$5149.46** |

27. Defendant violated §1692e by falsely implying that additional charges, such as "Interest" and/or "Non-Interest Charges or Fees" may accrue at some point in the near-future if the account goes unpaid.

28. As the account balance Defendant seeks to collect *never* varies from the date of "Charge-Off", and Defendant *never* makes an adjustment due to non-interest charges or fees, the statement in its letter is false, deceptive and misleading.

29. Upon information and belief, Defendant only put the above-mentioned language in its dunning letter to create a sense of urgency to pay in Plaintiff.

30. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692e *et seq*. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## Second Count
## 15 U.S.C. §1692e *et seq.*
## False or Misleading Representations as to Status of Debt

31. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "30" herein with the same force and effect as if the same were set forth at length herein.

32. Pursuant to 15 U.S.C. §1692e, a debt collector is prohibited from using false, deceptive, or misleading representation in connection with the collection of a debt.

33. The said letter, among other things, states in pertinent part: "Fees Accrued Since Charge-Off: $0.00"

34. The notification of a Post charge-off fee is unlawful.

35. Defendant did not have any legal basis for adding a "Fees Accrued Since Charge-Off: $0.00" onto Plaintiff's alleged debt.

36. The least sophisticated consumer could be led to believe that although there is no fee at the time he received the said letter, he may be liable to such a fee in the future.

37. The said letter language implies a threat, and is confusing to the least sophisticated consumer so as to falsely imply that the creditor is entitled to receive a post charge-off fee.

38. Defendant was not entitled to impose a post charge-off fee as a permissible fee that a creditor may charge in connection with a consumer credit transaction. *Tylke v. Diversified Adjustment Service, Inc.*, No. 14-CV-748 (E.D. Wis. Oct. 28, 2014). ([I]t is possible that, as the defendant suggests, an "unsophisticated consumer" might understand the statement to be explaining that no part of the debt is a "collection fee" even though the (creditor's) agreement allows for one. On the other hand, it is also possible that an "unsophisticated consumer" would interpret the statement to mean that there is no "collection fee" now but that one could be assessed later on. In other words, the inclusion of a collection fee, even one showing a balance of zero, could imply the future possibility of one. Such a reading is neither bizarre nor idiosyncratic.)

39. Here, there is no material difference between a Post Charge-Off fee and an otherwise unlawful Collection fee. Post-charge-off, said fees are unlawful and as such serve no purpose but to mislead the least sophisticated consumer into paying the alleged debt before such a fee may arise.

40. Said language, indicating a potential post charge-off fee, can be reasonably read to have two or more different meanings, one of which is false. *Pipiles v. Credit Bureau of Lockport, Inc.*, 886 F.2d 22, 25 (2d Cir. 1989). (Because the collection notice was

5

reasonably susceptible to an inaccurate reading, it was deceptive within the meaning of the Act.), *Clomon v. Jackson*, 988 F.2d 1314, 1319 (2d Cir. 1993). (Collection notices are deceptive if they are open to more than one reasonable interpretation, at least one of which is inaccurate.), *Russell v. Equifax A.R.S.*, 74 F.3d 30, 34 (2d Cir. N.Y. 1996). (A collection notice is deceptive when it can be reasonably read to have two or more different meanings, one of which is inaccurate. The fact that the notice's terminology was vague or uncertain will not prevent it from being held deceptive under § 1692e(10) of the Act.)

41. Defendant, as a matter of pattern and practice, mails letters, or causes the mailing of letters, to debtors using language substantially similar or materially identical to that utilized by Defendant in mailing the above-cited letter to Plaintiff.

42. The letters Defendant mails, or causes to be mailed, are produced by Defendant's concerted efforts and integrated or shared technologies including computer programs, mailing houses, and electronic databases.

43. The said letter is a standardized form letter.

44. Defendant's December 3, 2015 letter is in violation of 15 U.S.C. §§ 1692e, 1692e(2), 1692e(5) 1692e(10), 1692f and 1692f(1) for the use of false and deceptive means; for falsely representing the character, amount, or legal status of a debt; for the false representation of compensation which may be lawfully received by a debt collector for the collection of a debt; for threatening to take any action that cannot legally be taken or that is not intended to be taken; for the use of unfair and unconscionable means to collect on a debt; and for attempting to collect an amount unless such an amount is expressly authorized by the agreement creating the debt or permitted by law.

45. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692g *et seq.* of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff demands judgment against Defendant as follows:

    A.    For actual damages provided and pursuant to 15 USC §1692k(a)(1);

    B.    For statutory damages provided and pursuant to 15 USC §1692k(2)(A);

    C.    For statutory damages provided and pursuant to 15 USC §1692k(2)(B);

    D.    For attorneys' fees and costs provided and pursuant to 15 USC §1692k(a)(3);

    E.    A declaration that Defendant's practices violated the FDCPA;

    F.    For any such other and further relief, as well as further costs, expenses and disbursements of this action, as this Court may deem just and proper.

Respectfully submitted,

By: /s/ Alan J. Sasson
Alan J. Sasson, Esq. (AS8452)
Law Office of Alan J. Sasson, P.C.
2687 Coney Island Avenue, 2nd Floor
Brooklyn, New York 11235
Phone: (718) 339-0856
Facsimile: (347) 244-7178
*Attorney for Plaintiff*

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

/s/ Alan J. Sasson
Alan J. Sasson, Esq.

Dated: February 23, 2016